# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GALE R. STREFF, <br> on behalf of himself and other past <br> and present employees similarly situated, <br><br> **Plaintiffs,** <br><br> vs. <br><br> DJLB, INC., d/b/a ADVANTAGE <br> MORTGAGE SERVICE WEST and <br> d/b/a LAKESIDE MORTGAGE; <br> DEBRA J. BERRY; and DAVID L. BERRY, <br><br> **Defendants.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 8:04CV253 <br><br><br><br> REPORT <br> and <br> RECOMMENDATION[1] |

This matter is before the Court on the plaintiff's Motion to Facilitate and Expedite Notice of Collective Action (Filing No. 35). The plaintiff filed a brief (Filing No. 36), with exhibits attached, and a reply brief (Filing No. 41), also with exhibits attached, in support of the motion.[2] The defendants filed a brief (Filing No. 39), with exhibits attached, in opposition to the motion.

## BACKGROUND

This lawsuit arises from the plaintiff Gale Streff's (Streff) employment with the defendants. **See** Filing No. 27, Amended Complaint. Streff alleges the defendants are in the business of brokering and originating mortgage loans. Streff was employed as a loan officer for the defendants and was compensated on a commission-only basis. Streff alleges he was not paid in accordance with the minimum wage and maximum hour requirements of the Fair

---

[1] Pursuant to 28 U.S.C. § 636(b), a magistrate judge is not authorized "to permit maintenance of a class action." Therefore, since the current motion relates to the maintenance of a class action, albeit not under Federal Rule of Civil Procedure 23, the undersigned magistrate judge will submit this report and recommendation rather then enter an order.

[2] The parties are reminded that an index of evidence should be filed separately from a brief pursuant to NECivR 7.1(a)(2)(B) and (b)(2)(B).

Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and the Nebraska Wage Payment and Collection Act. Further, Streff contends others either were or are still employed by the defendants as loan officers who are not paid in accordance with FLSA. Specifically, the plaintiff contends the loan officers routinely worked weekends and in excess of forty hours in a workweek without overtime pay and/or without wages in an amount equal to or greater than minimum wage. Streff alleges an additional claim for retaliation under FLSA.

In the current motion, Streff seeks court-authorization for Streff to send notice of this action to all current and former employees of the defendants who worked as loan officers at any time from May 28, 2001, to the present. The defendant opposes the motion and argues Streff has failed to show the other loan officers are similarly situated to Streff. Otherwise, the defendant contends Streff's proposed notice is improper.

## ANALYSIS

### A.   FLSA Class Certification - Notice

The FLSA permits an employee to bring an action against his employer "[on] behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to such an action unless he gives his consent in writing to become a party and such consent is filed in the court in which such action is brought." ***Id.*** Thus, unlike a Fed. R. Civ. P. 23 class action, a representative action under § 216(b) "follows an 'opt-in' rather than an 'opt-out' procedure." **Mooney v. Aramco Servs. Co.**, 54 F.3d 1207, 1212 (5th Cir. 1995).

"[D]istrict courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." **Hoffmann-La Roche, Inc. v. Sperling**, 493 U.S. 165, 169-70 (1989) (case under ADEA). There are two methods of determining whether the plaintiff in an action is "similarly situated" to others for purposes of § 216(b). One method treats the "similarly situated" inquiry as coextensive with Rule 23 class certification. **Johnson v. TGF Precision Haircutters, Inc.**, 319 F. Supp. 2d 753, 754 (S.D. Tex. 2004). However, some circuits have held the Rule 23 requirements do not apply to § 216(b) collective actions. **See Thiessen v. Gen. Elec. Capital Corp.**, 267 F.3d 1095, 1105 (10th Cir. 2001);

*Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996); *King v. Gen. Elec. Co.*, 960 F.2d 617, 621 (7th Cir. 1992)).

A second method involves two stages of class certification. *Johnson*, 319 F. Supp. 2d at 754. Applying the two-stage method, the court first uses a lenient standard to determine whether the plaintiff is similarly situated to the proposed class members, and if appropriate, the class is conditionally certified. The second stage occurs after notice, time for opting-in, and discovery have taken place. Applying a stricter standard, the court makes a factual determination on the issue of whether similarly situated persons truly exist. The second inquiry is usually conducted upon a defendant's motion for decertification. *Id.* at 754-55; *Freeman v. Wal-Mart Stores, Inc.*, 256 F. Supp. 2d 941, 944-45 (W.D. Ark. 2003).

"Eighth Circuit precedent does not provide the procedure we should utilize in deciding whether a collective action should be approved and/or whether to exercise discretion and authorize notice to the potential opt-in class." *Freeman*, 256 F. Supp. 2d at 945. Under either of the methods noted above, the plaintiff

> bears the burden of establishing that he is similarly situated with the class he wishes to represent. The plaintiff's burden is not heavy and may be met by making substantial allegations of class-wide discrimination that are supported by affidavits. Plaintiff need not show that his position is or was identical to the putative class members' positions; a class may be certified under the FLSA if the named plaintiff can show that his position was or is similar to those of the absent class members.

*Id.* (**citing** *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096-97 (11th Cir. 1996) and *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). "However, unsupported assertions of widespread violations are not sufficient to meet Plaintiff's burden." *Id.*; **see** *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir. 1983); **see also** *Severtson v. Phillips Beverage Co.*, 137 F.R.D. 264, 267 (D. Minn. 1991) ("Requiring a showing that there is some factual basis for the class allegations, however, hardly places an unreasonable burden on the plaintiffs.").

Streff proposes the Court use the two-stage method of first allowing notice, based on a more lenient standard. The defendant does not oppose the use of this method, but merely

objects to Streff's application. Accordingly, the Court will use the two-stage class certification method in this matter.

The Court finds Streff has met his preliminary burden of showing that his position was or is similar to those of the absent class members by making substantial allegations of a class-wide violation under the FLSA. Streff provided an affidavit in support of his motion stating he was employed by DJLB, Inc. as a loan officer and that he consistently worked more than forty hours per week without receiving over-time pay. **See** Filing No. 36, Exhibit C. The plaintiff further states none of the other loan officers were paid for overtime work they performed. *Id.* Streff alleges each loan officer was paid on a commission-only basis and that during workweeks where no commission was earned, they did not receive a minimum wage payment. *Id.*

The defendants contend that because Streff had other duties with regard to a telemarketing group, Streff was not similarly situated to other loan officers. The defendants admit, however, that such duties were in addition to Streff's other duties as a loan officer. **See** Filing No. 39, Exhibit 2. Although the defendants provide some evidence contesting whether Streff's position was identical to the positions held by other loan officers, they do not dispute Streff's position was, at least, similar. Accordingly, the undersigned magistrate judge will recommend the class be conditionally certified and Streff be allowed to send notice of this action to all current and former employees of the defendants who worked as loan officers at any time from May 28, 2001, to the present.[3]

### B. Form and Content of Notice

The Court has reviewed each of the notice forms submitted by the parties. **See** Filing No. 36, Exhibit D and Filing No. 39, Exhibit 1. "No courts have specifically outlined what form

---

[3] At this time, the Court determines only that notice may be sent to those people who, at this very preliminary stage in the litigation, might be potential plaintiffs. There is no determination that those being notified "are, in fact, similarly situated" to the plaintiff, and no determination regarding the legal rights and responsibilities of the parties. Should it become clear later that the parties who have opted-in are not similarly situated to the plaintiff here, the Court will make any rulings that are necessary and appropriate to ensure that the case is properly formed.

court-authorized notice should take, or what provisions notice issued pursuant to § 216(b) should contain. The United States Supreme Court has abstained from reviewing the contents of a proposed notice under § 216(b), noting that such 'details' should be left to the broad discretion of the trial court." ***Gjurovich v. Emmanuel's Marketplace, Inc.***, 282 F. Supp. 2d 101, (S.D.N.Y. 2003) (**citing *Hoffmann***, 493 U.S. at 170 ("we decline to examine the terms of the notice . . . . We confirm the existence of the trial court's discretion, not the details of its exercise.")).

The defendants contend Streff's proposed notice is improper for the following reasons: 1) the notice is not drafted in neutral language, but instead operates as a marketing tool for the plaintiff's attorney; 2) the notice gives the impression this Court endorses the Streff's lawsuit; 3) the notice encourages recipients to participate in the lawsuit; and 4) the notice should not contain an anti-retaliation paragraph. Streff contends that his proposed notice does contain neutral language and specifically notes the court has taken no position on the merits of the lawsuit. Further, Streff states an anti-retaliation clause is standard language and particularly relevant here given the defendants' retaliation against Streff. Finally, Streff opposes the defendants' proposed notice form because it states the potential class members may obtain their own attorneys, arguing such a result would be impractical. As an alternative, Streff proposes his counsel be named "lead plaintiff's counsel."

Here Streff's proposed notice is proper and appropriate. The parties' forms are remarkably similar. Although Streff's notice states the signed opt-in form will be filed by Streff's counsel, it also states the proposed class member may hire a different lawyer. Streff's proposed notice also clearly states the court has taken no position on the merits of either parties' allegations. An anti-retaliation clause is appropriate in the notice, however it is recommended Streff should amend the paragraph to read: "Federal law prohibits DJLB, Inc. or any of the other defendants from discharging or in any other manner discriminating against you because you "opt-in" to this case, or have in any other way exercised your rights under the Fair Labor Standards Act." Otherwise, it is recommended the defendant's objections be overruled and Streff's notice and its contends be approved. Upon consideration,

**IT IS RECOMMENDED TO CHIEF JUDGE JOSEPH F. BATAILLON that:**

1. The plaintiff's Motion to Facilitate and Expedite Notice of Collective Action (Filing No. 35) be granted to the extent a class is conditionally certified and Streff be allowed to send notice of this action to all current and former employees of the defendants who worked as loan officers at any time from May 28, 2001, to the present.

2. The plaintiff be authorized to use as the notice, the form notice proposed as Filing No. 36, Exhibit D, however paragraph 9 be amended to state only:

> Federal law prohibits DJLB, Inc. or any of the other defendants from discharging or in any other manner discriminating against you because you "opt-in" to this case, or have in any other way exercised your rights under the Fair Labor Standards Act.

3. The final notice to potential plaintiffs and consent to become a party plaintiff should be mailed no later than 14 days after the Honorable Joseph F. Bataillon issues final authorization of the Proposed Notice, unless otherwise ordered and the collective action be limited to the plaintiff's federal FLSA claims only.

**ADMONITION**

Pursuant to NECivR 72.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 24th day of February, 2005.

BY THE COURT:

s/Thomas D. Thalken  
United States Magistrate Judge